UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TERRON CORNELISON, | ) |
| | ) |
| Plaintiff, | ) Case: 4:23-cv-00181 |
| | ) |
| v. | ) |
| | ) |
| AUTONEUM NORTH AMERICA, INC., | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |
| | ) |

# COMPLAINT

Plaintiff, Terron Cornelison ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Autoneum North America, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

2. This lawsuit also arises under seeking redress for Defendants sex-based discrimination.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.   All conditions precedent have been fulfilled or been complied with.

6.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7.   Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8.   This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9.   At all times material to the allegations of this Complaint, Plaintiff, Terron Cornelison resides in Jefferson County, Kentucky.

10.  At all times material to the allegations in this Complaint, Defendant, Autoneum North America, Inc. is a corporation doing business in and for Clark County, Indiana, whose address is 100 River Ridge Parkway, Jeffersonville, Indiana 47130.

11.  Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12.  During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

13.  Since at least August 11, 2020 through January 4, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class

and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

14. Plaintiff is African American male and is a member of a protected class because of their race whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. Plaintiff was hired as a contractor employee on or about July 22, 2020, and was hired 90 days later as a permanent employee as an Operations Team Lead.

16. Plaintiff's direct supervisor was General Manager, Jason Heller (white, male).

17. On or about August 2020, Plaintiff was physically assaulted by Team Lead, Katina Last Name Unavailable (white, female).

18. As a result, in September 2020, Plaintiff met with Defendant's management team about the incident because not only was Plaintiff assaulted by Team Lead, Katina (white, female) on the basis of Plaintiff's race and sex, another Team Lead, Tiffany Crone (white, female) refused to train him, harassed him by using inappropriate language and threatening physical violence towards him in front of other employees.

19. Plaintiff gave a written statement to Supervisor Kyle (LNU), however, his complaints were ignored and never reported to Human Resources.

20. Plaintiff complained to all supervisors Kyle, Milton, Brandon and Jason Heller following each incidence of discrimination and harassment.

21. Neither Katina nor Tiffany was reprimanded for poor conduct on the basis of Plaintiff's sex and race.

22. Nonetheless, on or around January 4, 2021, Plaintiff was terminated in retaliation for engaging in protected activity by reporting the harassment and discrimination on the basis of

race and sex.

23. Plaintiff's position was replaced by Brandy (LNU) (white, female) following his unlawfully termination.

24. When Plaintiff complained of the retaliatory termination of his employment to the Human Resources Manager, Jermaine (LNU) (bi-racial, male), he offered a suspension instead of termination, a demotion, reduction in pay, and placed on a last chance discipline agreement.

25. Being that this adverse employment action was in retaliation, Plaintiff declined the offer.

26. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

27. Plaintiff was unlawfully terminated because of his race, (African-American) and sex (male) January 2021.

28. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

29. Plaintiff reported the race-based harassment to Defendant.

30. Plaintiff was targeted for termination because of their race and sex.

31. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

32. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

33. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

36. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

37. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

38. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

39. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

40. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

42. Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

45. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

47. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

48. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50. Defendant knew or should have known of the harassment.

51. The race-based harassment was severe or pervasive.

52. The race-based harassment was offensive subjectively and objectively.

53. The race-based harassment was unwelcomed.

54. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

57. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. Plaintiff met or exceeded performance expectations.

60. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

61. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

62. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Harassment)

65. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

67. Defendant knew or should have known of the harassment.

68. The sex-based harassment was severe or pervasive.

69. The sex-based harassment was offensive subjectively and objectively.

70. The sex-based harassment was unwelcomed.

71. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, male.

72. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

74. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

75. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

8

76. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race and sex discrimination or race and sex based harassment.

77. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

78. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

79. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

80. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

81. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

82. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

83. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 3rd day of November, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*